GILBERT COOK, ADMINISTRATOR OF L. C. TOLLEY, v. CRANBERRY FURNACE COMPANY.

(Filed 20 November, 1912.)

1. Master and Servant—Dangerous Instrumentalities—Dynamite— Safe Place to Work—Inspection—Negligence—Evidence—Proximate Cause—Questions for Jury.

When the master employs a servant to blast in his mine, it is his duty to make this mine as reasonably safe to work in as is practicable in such a dangerous vocation; and when, in an action to recover damages for a death wrongfully inflicted therein, there is evidence tending to show that the death was caused from a "failed hole," loaded with dynamite, which should have theretofore exploded with other charged holes of like character, and the drill boss failed in his duty to have inspected the mines for such "failed holes," and, contrary to his duty, permitted the deceased to select a place for drilling which resulted in his exploding one of them, it is sufficient to be submitted to the jury upon the issue of defendant's negligence, and it is for them to find whether this negligence of the defendant was the proximate cause of the injury under the circumstances.

2. Master and Servant—Contributory Negligence—Pleadings—Burden of Proof—Issues—Instructions.

When in an action for damages for the wrongful killing of plaintiff's intestate the issues of negligence and contributory negligence are presented, the latter upon the theory that the deceased met his death while acting in disobedience of the defendant's orders, as the proximate cause, requested instructions which refer this element of defense to the issue as to negligence are properly refused, as it is the duty of the defendant to plead such matters, and prove them under the issue of contributory negligence, unless it is proven by the testimony of the plaintiff.

APPEAL by defendant from *Adams, J.,* at Spring Term, 1912, of AVERY.

Civil action. These issues were submitted:

1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff's intestate by his own negligence contribute to the injury resulting in his death? Answer: No.

3. What damage, if any, is plaintiff entitled to recover? Answer: Thirty-five hundred dollars ($3,500).

From the judgment rendered defendant appealed.

*J. W. Ragland, F. A. Linney for plaintiff.*
*S. J. Ervin, Harrison Baird for defendant.*

Brown, J. The counsel for defendant in their brief state that "the only exceptions which will be argued are the third, which is to the refusal of defendant's motion for judgment of nonsuit, and the fourth, fifth, sixth, seventh, and eighth, to the refusal of the defendants' special requests for instructions, and to the action of the trial judge in refusing to give and apply such portions of these requests as were given, to the first issue."

1. In our opinion, the motion to nonsuit was properly denied. The defendant admits in its answer that it owed a duty to the plaintiff's intestate to take reasonable precautions to prevent injury and to inspect the places where blasting was done, and to examine holes which had been charged with dynamite and failed to go off.

The evidence shows that the deceased was killed by an explosion of what is called a "failed hole," which is a hole in which dynamite has been loaded and fails to explode with the general explosion. The evidence of Stokes Freeman proves that it was his duty as drill boss to make an inspection every day of the holes in the mine which had failed to explode. He testifies that he did not make inspection of the holes in the morning before the deceased was killed.

This witness further testifies that it was his duty to locate three holes for the deceased to drill, but that he failed to do so; that he selected two holes only and left the deceased and Pender Tolley to locate the other hole.

There is no evidence throwing any light upon how the deceased happened to strike the "failed hole," whether accidentally in locating the third hole or not. The deceased had the right

to suppose that the inspection had been made and that the drill boss had located all the "failed holes," and that he would be warned of their proximity.

The decisions of this Court have settled the question that the defendant owed a duty to the deceased to make this mine as reasonably safe to work in as is practicable in such a dangerous vocation; that its drill boss failed in his duty in making the proper inspection and search for "failed holes" on the morning of the disaster is an admitted fact. Whether such negligence was the proximate cause of the injury, the court properly left to the jury under the circumstances of this case.

2. The prayers for instruction referred to in our opinion relate exclusively to the question of contributory negligence. For some reason which is not apparent to us, the learned counsel for the defendant insist that they be directed to the first issue, and in refusing to so apply them, we think his Honor was correct.

Contributory negligence under our statute is a matter of defense, and the burden of proof is placed upon the defendant to establish it unless it is proven by the testimony offered in behalf of the plaintiff. The allegation of contributory negligence in this case consists in an averment that the deceased disobeyed the orders of his superior and that such disobedience was the proximate cause of his death.

In *Hicks v. Manufacturing Co.,* 138 N. C., 326, we said: "This entire matter as to disobedience of orders and its effect should more properly be submitted under the issue of contributory negligence where the burden of proof can be placed on the defendant as required by the statute."

We think, however, upon the second issue his Honor gave the defendant in the matter of instructions all that it was entitled to when he instructed the jury in these words:

"As to these matters, the court charges that if you find by the greater weight of the evidence that the plaintiff's intestate was doing his work subject to the orders of the drill foreman, and that the drill foreman gave him instructions not to use the failed hole in the mine, and that the intestate, in violation of the orders of the drill foreman, drilled into a failed hole which

ERVIN *v.* BANK.

was charged with dynamite or giant powder, and thereby caused the dynamite or powder to explode and kill him, and that he would not have been killed except for such disobedience of orders, you will in that event find that his failure to obey the instructions given was the proximate cause of his death, and your answer to the second issue will be 'Yes.' "

Upon a review of the whole record, we find

No error.