PERRY KILLIAN v. WILSON CREEK QUARRY CO.

(Filed 8 December, 1926.)

**Negligence—Master and Servant—Evidence—Safe Place to Work—Dangerous Employment—Blasting.**

Evidence that the foreman of the defendant failed to perform his duty to reasonably discover that all the dynamite loaded in drills for blasting had exploded, in the absence of the employee, and that plaintiff was injured by one of them unexpectedly exploding under circumstances not reasonably to have been anticipated by him, is sufficient to take the case to the jury upon the issue of defendant's actionable negligence, and deny its motion as of nonsuit. *Cook v. Furnace Co.,* 161 N. C., 39, cited as controlling.

APPEAL by plaintiff from *Lane, J.,* at May Term, 1926, of CALDWELL. Civil action to recover damages for an alleged negligent injury.

On 28 June, 1924, the plaintiff, while in the employ of the defendant at its rock quarry in Caldwell County, spent the forenoon, as usual, drilling holes in large boulders preparatory to blasting. At noon, as was the custom, the holes were loaded with dynamite and exploded by other employees. It was their duty, or the duty of the foreman, Mr. Rhodes, to examine the rocks for unexploded dynamite before plaintiff went back to drilling in the afternoon. This was not done, or at least soon after the plaintiff began drilling other holes, following the noon blast, he struck an unexploded dynamite cap, which he could not see, and was severely injured.

On motion of the defendant, made at the close of plaintiff's evidence, the court entered judgment as in case of nonsuit, from which the plaintiff appeals.

*Squires & Whisnant for plaintiff.*
*No counsel appearing for defendant.*

STACY, C. J., after stating the case: Reversed on authority of *Cook v. Furnace Co.,* 161 N. C., 39.

Reversed.

In the Matter of the Detention of WM. J. BELLAMY.

(Filed 8 December, 1926.)

**Habeas Corpus—Appeal and Error—Certiorari—Courts—Discretion.**

Where the care or custody of children are not involved an appeal to the Supreme Court will not lie from the judgment of the Superior Court in *habeas corpus* proceedings refusing to release one detained, as in